HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. I believe that this Court should grant the petition for the writ of certiorari, because I question whether Amanda Crabtree Graham has presented sufficient evidence to support a modification of the custody arrangement. A review of the evidence presented by Huey Crabtree, the father, in his Rule 39(k), Ala.R.App.P., motion indicates that many of the allegations made in this case appear to be the result of a “grudge match” between the two ex-spouses. I cannot condone a modification in the custody — and the lives — of the Crabtrees’ three children based upon such contentious allegations; therefore, I would grant the petition for this Court to review the record.
Amanda Crabtree, the children’s mother, testified that she originally relinquished custody to Huey because she could not support their three sons; however, her subsequent remarriage and better home and working conditions have promoted a change of circumstances in her life to such a degree that she believes she now deserves custody. She testified that Huey abused alcohol during their marriage and *779 that he abused her when he was drunk. Despite her knowledge of his abuse of alcohol, she still relinquished custody to him. Amanda testified that Huey went to extremes in administering corporal punishment upon the children. She also alleged that Huey’s relationships with the children became worse after he married Rhonda, his current wife. Amanda stated that the children now curse, fight, and have bad attitudes. Amanda testified that although all three boys have been diagnosed with Attention Deficit Disorder (ADD) and have been prescribed Ritalin, Huey stopped giving them the drug because he did not think they needed it. Rhonda, Huey’s current wife, explained that she and Huey stopped giving Ritalin to J., one of the sons, because he complained of headaches and seemed occasionally depressed; without the Ritalin, Rhonda said, the headaches disappeared and he seemed happier.
Shelby Crabtree, Huey’s mother, testified that she had witnessed Huey whipping the children and described him as being a harsh disciplinarian. Franklin Crabtree, Huey’s father, testified that he also witnessed Huey’s whipping the children with a belt — a measure he felt was stricter than necessary. Shelby supports Amanda’s request for custody of the children because she believes Amanda can better care for them. Huey Crabtree accused Amanda, his ex-wife, of living a lifestyle that includes partying, drugs, and alcohol. Despite Amanda’s testimony that she was not allowed visitation privileges with J., Huey testified that J. did not attend visits with his mother because he did not want to go with her. Huey stated that he had quit drinking six years before. He admitted to spanking the children, but denied using a belt or a board to do so. Despite other witnesses’ allegations that they had seen bruises on the children’s bodies, Huey denied ever spanking them hard enough to leave bruises.
Denna Hanbury, an investigator for the domestic-relations court, testified that, after meeting with the children on two occasions, she concluded that the children- had received physical and mental abuse in Huey’s home. On the basis of meetings with Amanda and the children, Dr. Daniel L. Koch, a clinical psychologist, recommended that custody be granted to Amanda; however, he never met with Huey.
On the basis of the evidence presented by Huey Crabtree, I would grant the cer-tiorari petition in order to examine the record and determine whether, in fact, Amanda Crabtree Graham presented sufficient evidence to support a modification of custody.